IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Aaron Little French,          ) | |
|          ) | Civil Action No. 6:04-21915-MBS-WMC |
|     Plaintiff,     ) | |
|          ) | **O R D E R** |
| vs.          ) | |
|          ) | |
| Joseph V. Smith, Kathleen Hawk-     ) | |
| Sawyer, Robert T. Wilson, A. Molina,     ) | |
| L. Guevara-Rosario, J. Wade,     ) | |
|          ) | |
|     Defendants.     ) | |
|          ) | |

This matter is before the court on the plaintiff's "Motion To Change Complaint Filing Date For Record." This motion was referred to this court for disposition pursuant to Title 28, United States Code, Section 636(b)(1)(A).

The plaintiff is a federal prisoner proceeding *pro se* and currently confined at Western Correctional Institution in Cumberland, Maryland. His complaint in this §1983 action was dated December 3, 2003, but received by the clerk of court on August 30, 2004. By order entered September 1, 2004, this court noted:

> In the event that a limitations issue arises in the above-captioned case, the plaintiff will have the benefit of the holding in Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379 (1988). The *Houston v. Lack* "delivery" date in the above-captioned case appears to be August 11, 2004.

The delivery date was determined to be August 11, 2004, because that was the date of the letter accompanying the plaintiff's complaint.

On October 18, 2004, the plaintiff filed the present motion seeking to change the filing date to December 7, 2003. The plaintiff avers (verbatim):

> 1.    That, on December 7, 2003, I was an indigent inmate incarcerated at the United States Penitentiary Terre Haute, Indiana.
>
> 2.    That I submitted the complaint and other necessary filings to begin Commencement of Action to prison official for mailing to this court on December 7, 2003.

> 3.    That prison officials at USP Terre Haute never mailed such Complaint submitted to them.
>
> 4.    Included is a memorandum by prison official Dave White, Correctional Counselor, USP Terre Haute, verifying acceptance of that Civil Action for mailing on December 7, 2003.

As an attachment to this motion, the plaintiff included an Inmate Request To Staff form, dated December 3, 2003, that states:

> Due to time constraints and other involved deadlines, I am requesting verification, by signing this inmate request and dating it's receipt along with included submissions, of the date the following was received by institution official:
>
> I.)  Civil Action to U.S. District Court, S.C.

There is a signature on the same form by an unidentified person indicating the complaint was "rec'd on 12/7/03."

In fact, the August 11, 2004, letter accompanying his complaint referenced the plaintiff's belief that his action had been previously filed on December 7, 2003.

> I am writing in concerns of the included civil action which was filed in this court on or about December 7, 200[3].[1]  This civil action was given to prison official for mailing as I was an indigent inmate that time.  I've never received a stamped copy of this civil action with Court Docket/Case Number and I am requesting such.

The plaintiff's complaint included the December 3, 2003, form quoted above by which he allegedly verified receipt of his action by prison officials on December 7, 2003.

In *Houston v. Lack*, 487 U.S. 266 (1988), a case involving an appeal from denial of habeas relief, the United States Supreme Court considered the unique situation of prisoners proceeding in litigation without the aid of counsel:

> Unlike other litigants, *pro se* prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice.  Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the *pro se* prisoner is forced to do so by his situation.  And if other litigants do choose to use the mail, they can at least place the notice directly into the hands of the United States Postal Service (or a private express carrier); and they can follow its

---

[1]Although the August 11, 2004, letter refers to December 7, 2004, this appears to be an error by the plaintiff since he clearly indicates that he believes his action was filed previously.

2

progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the date the court received it.  *Pro se* prisoners cannot take any of these precautions; nor, by definition, do they have lawyers who can take these precautions for them.  Worse, the *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay.  No matter how far in advance the *pro se* prisoner delivers his notice to the prison authorities, he can never be *sure* that it will ultimately get stamped "filed" on time.  And if there is a delay the prisoner suspects is attributable to the prison authorities, he is unlikely to have any means of proving it, for his confinement prevents him from monitoring the process sufficiently to distinguish delay on the part of prison authorities from slow mail service or the court clerk's failure to stamp the notice on the date received.  Unskilled in law, unaided by counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access – the prison authorities – and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice.

*Id.* at 271-72.

Here, it appears that the plaintiff was under the impression that this action had been filed in December 2003 since that is when he claims he delivered his complaint to prison officials.  The action was not filed in December 2003 – rather, it was filed in August 2004 when the plaintiff provided another copy of the complaint with a letter inquiring as to the status.  The plaintiff then filed the present motion to correct the filing date.

Now therefore,

IT IS ORDERED that the plaintiff's "motion to change complaint filing date for record" filed October 18, 2004, is granted.  The *Houston v. Lack* delivery date for this case shall be December 7, 2003.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

July 27, 2005

Greenville, South Carolina

3