IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Aaron Little French, ) | |
| ) | C/A No. 6:04-21915-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Joseph V. Smith, Kathleen Hawk- ) | |
| Sawyer, Robert T. Wilson, A. Molina, ) | |
| L. Guevara-Rosario, J. Wade, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Aaron Little French is an inmate in custody of the Federal Bureau of Prisons. Plaintiff brings his complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging that Defendants violated his rights under the Eighth Amendment while he was incarcerated at FCI Edgefield pursuant to the National Capital Revitalization and Self Government Improvement Act of 1997. Plaintiff currently is serving a state term of imprisonment in Jessup, Maryland.

Defendants filed a motion to dismiss on April 24, 2005, asserting that the case should be dismissed because Plaintiff has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Defendants further asserted, among other things, that they were entitled to qualified immunity. By order filed April 27, 2005, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition on August 15, 2005, as well as motions to amend the complaint and to produce.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for a Report and Recommendation. The

Magistrate Judge filed a Report of Magistrate Judge on October 26, 2005 in which he treated Defendants' motion as a motion for summary judgment. The Magistrate Judge determined that Plaintiff had failed to exhaust his administrative remedies with regards to claims of cruel and unusual punishment and deliberate indifference to his separation needs. The Magistrate Judge further determined, however, that Plaintiff had exhausted his administrate remedies with respect to a claim of denial of access to and delay of medical treatment with respect to alleged gashes and trauma to Plaintiffs' eyes. The Magistrate Judge therefore addressed the merits of the one exhausted claim and determined that Plaintiff had failed to state a claim of deliberate indifference to his serious medical needs. The Magistrate Judge recommended that Defendants' motion be granted. Plaintiff filed no objections to the Report of Magistrate Judge.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After review of the record, the court concurs in the Report of Magistrate Judge and incorporates it herein by reference. Defendants' motion to dismiss is granted on the grounds that Plaintiff has failed to exhaust his administrative remedies except with respect to his allegation of denial of access to and delay of medical treatment with respect to alleged gashes and trauma to his

eyes. As to the exhausted claim, the court concludes that Plaintiff has failed to establish a constitutional violation of deliberate indifference to his serious medical needs. Accordingly, Defendants are entitled to qualified immunity with respect to this claim. Defendants'motion to dismiss on the grounds of qualified immunity is granted as to this issue.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

November 30, 2005

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**